IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| HUNTER PARRISH, KYLE KING and ) <br> RICKI McCALLISTER, ) <br>       Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AUTO DETAILING BY ME, LLC, ) <br> MATTHEW D. EPLING, ) <br> DETECTIVE GARY D. EPLING, and ) <br> SGT. JOHN DUNN, ) <br>       Defendants. ) | CIVIL ACTION NO.: 5:12-03759 |

**O R D E R**

Pending before the Court is Plaintiffs' Motion to Compel Detective Gary Epling and Sergeant John Dunn to Fully Respond to Interrogatories and Requests for Production of Documents (Document No. 68.), filed on March 20, 2013, by counsel. Defendants filed their Response to the Motion on April 3, 2013 (Document No. 78.), to which Plaintiffs filed their Reply on April 4, 2013. (Document No. 81.)

Background

Plaintiffs filed their Complaint on July 26, 2012 (Document No. 1.), and their Amended Complaint on April 26, 2013. (Document No. 86.) Plaintiffs state Ricki McCallister was working at Auto Detailing by Me as part of the Regional I TANF Summer Youth Program on July 27, 2011, when a dispute arose and she was terminated when she attempted to take her break. (Document No. 86 at ¶¶ 11-13.) Miss McCallister's mother, Florence McCallister, gave permission over the telephone for her boyfriend, Hunter Parrish, to pick her up from Auto Detailing by Me. (Id. at ¶¶ 14-15.) Prior to Mr. Parrish's arrival, Matthew Epling called his brother, Det. Gary Epling to come to Auto Detailing by Me to assist him in their employment dispute with Ricki McCallister. (Id. at ¶ 17.) Detective Epling and Sgt. John Dunn, undercover officers with the Raleigh County Sheriff's

Department arrived at Auto Detailing by Me and prevented Miss McCallister from leaving the premises. (Id. at ¶¶ 16, 18.) When Mr. Parrish and Kyle King arrived at the premises at the request of Florence McCallister, they observed Ricki McCallister backed into a corner, crying and surrounded by three men, all dressed in street clothes. (Id. at ¶ 19.) Mr. Parrish and Mr. King were told by Det. Epling to leave the premises before exiting the vehicle and then again upon approaching Ricki McCallister. (Id. at ¶¶ 20-22.) Mr. Parrish, unaware that Det. Epling and Sgt. Dunn were police officers, attempted to walk past them when Det. Epling grabbed his arm and Mr. Parrish pushed it away. (Id. at 23-24.) Det. Epling then slung Mr. Parrish into a garage door causing him to incur a severe cut to his right hand that severed the sagittal band of his right middle finger. (Id. at 24.) Det. Epling then threw Mr. Parrish to the ground "and jumped on top of him and proceeded to further assault and batter him." (Id. at 25.) Mr. King attempted to pull Det. Epling off Mr. Parrish, who shoved Mr. King against the garage door and pinned him there. (Id. at 26.) During their actions, Ricki McCallister was knocked to the ground and sustained injuries to her neck and back. (Id.) Sgt. Dunn finally intervened and separated Det. Epling and Mr. King. (Id. at 27.) At that point, Det. Epling identified himself as a police officer and threatened Mr. Parrish and Mr. King with arrest. (Id. at 28.)

In their Amended Complaint, Plaintiffs allege violations of 42 U.S.C. § 1983, including but not limited to violations of their Fourth and Fourteenth Amendment Constitutional rights, when Defendants unlawfully detained Plaintiff Ricki McCallister and prevented her from leaving Auto Detailing by Me on July 27, 2011, without a valid legal basis. (Document No. 86, Count I.) Plaintiffs also allege that Defendants used excessive force and unreasonable and unnecessary force in physically assaulting and battering Plaintiffs Hunter Parrish and Kyle King. (Id.) Plaintiffs further allege Assault and Battery (Count II), False Imprisonment (Count III), Outrageous Conduct (Count

2

IV), and Vicarious Liability (Count V). (Id.) Plaintiffs seek damages for medical expenses, compensatory damages, punitive damages, attorney fees and costs, and pre-judgment and post-judgment interest. (Id. at Count VI.) Defendants Auto Detailing by Me and Matthew D. Epling filed a cross-claim against Detective Gary D. Epling and Sgt. John Dunn for indemnification and contribution. (Document No. 89.)

Motion to Compel

Plaintiffs served their Interrogatories and Requests for Production of Documents to Defendants Det. Gary Epling and Sgt. John Dunn on January 18, 2013. (Document Nos. 39 and 40.) Defendants served their responses on February 19, 2013. (Document Nos. 53 and 54.) By letter dated March 5, 2013, Plaintiffs' counsel requested full and complete responses to the discovery requests. (Document No. 68, Exhibit 3 at 1-2.) By letter dated March 7, 2013, Defendants' counsel refused to produce any cell phone records of the police officers while they were working in an undercover capacity. (Id., Exhibit 3 at 3.) On March 13, 2013, at the Defendants' depositions, Plaintiffs' counsel verbally agreed to redact numbers related to ongoing criminal investigations, a protective order, or any other means to preserve the confidentiality of the information. (Document No. 68 at 3.) By email dated March 14, 2013, counsel again reiterated his agreement to redaction and welcomed defense counsel's alternative proposals and limited the scope of his request to the period of July 27, 2011, through August 1, 2011. (Document No. 68, Exhibit 3 at 4.) By letter dated March 19, 2013, defense counsel indicated their continued unwillingness to produce the requested information, stating that it was beyond the scope of the case. (Id. at 6-7.) Defense counsel further stated that the documents sought contained sensitive confidential information, "the disclosure of which could compromise ongoing investigations as well as safety of witnesses." (Id. at 6.)

Plaintiffs filed their instant Motion to Compel seeking an Order directing Defendants to

produce cell phone numbers and cell phone records from July 27, 2011, through August 1, 2011, as requested in Interrogatory Number 3 and Request for Production Number 13. (Document No. 68.) Plaintiffs assert that Det. Gary Epling has personal and departmental cell phone numbers that ring to the same personal cell phone and that he receives calls from confidential informants on both the personal cell phone and departmental cell phone numbers. (Id. at ¶ 4.) Plaintiffs assert that the departmental cell phone number was produced in discovery, without redaction, via the incident report. (Id.) However, Matthew Epling called Detective Gary Epling on his personal cell phone, which is distributed widely among his family and friends. (Id.) Plaintiffs assert that Gary and Matthew Epling have testified that Matthew's call was made at approximately 11:33 a.m. (Id. at ¶ 5.) Plaintiffs therefore, seek the cell phone records of Defendants to verify the information in their statements and testimony as to when the calls actually were made, which is a relevant issue in this case. (Id.)

Plaintiffs argue that Defendants' sole basis for refusing to produce the information, that the information may jeopardize ongoing investigations as they are undercover agents, is without merit. (Document No. 68 at 5.) Plaintiffs assert that the majority of the confidential informants call the Defendants on their departmental phone numbers. (Id.) Furthermore, Plaintiffs note that Sgt. Dunn retired a year ago and no longer is working on any undercover investigations. (Id.) Rather, he is working as a litter control officer. (Id.) Plaintiffs also assert that they have been willing to address the Defendants' concerns regarding the confidentiality of ongoing criminal investigations by agreeing to redaction of any numbers from confidential informants and entry into a Protective Order. (Id.)

To the extent that the requested information constitutes confidential information, Plaintiffs assert that limits can be created by the Court under Rule 26(c)(1)(G). (Document No. 68 at 6.)

Plaintiffs assert however, that the requested information does not constitute confidential information. (Id.) Plaintiffs assert that Defendants already have produced their departmental cell phone numbers in the incident report and Det. Epling's personal cell phone number is published widely to his family and friends, and known to others outside law enforcement officers or confidential informants. (Id. at 6-7.) Plaintiffs assert that Defendants have failed to demonstrate how production of a limited set of cell phone records will jeopardize ongoing criminal investigations. (Id. at 7.) Plaintiffs have offered redaction, a protective order, and a more narrow time frame. (Id.) Accordingly, Plaintiffs request that an Order compelling Defendants to produce the requested information is appropriate under Rule 37(a)(3) and (4). (Id.)

In response, Defendants assert that they are amenable to turning over Det. Gary Epling's cell phone records for July 27, 2011, the day the incident took place, with all records redacted except for the time Det. Epling received the call from his brother, Matthew Epling. (Document No. 78 at ¶ 4.) Defendants assert that there is no reason to produce cell phone records from July 28, 2011, through August 1, 2011, because these dates fail to relate to the subject of the litigation. (Id.) Defendants further assert that Sgt. John Dunn's records are no longer at issue because Plaintiffs have retracted the allegation of failure to call for medical assistance after Mr. Parrish injured himself. (Id. at ¶ 6.) Additionally, Defendants have produced proof of Sgt. Dunn's call through the 911 report that notes the time the call was made, as well as the CD recording of Sgt. Dunn and Mr. Parrish. (Id.) Nevertheless, Defendants assert that they are amenable to producing Sgt. Dunn's cell phone records for July 27, 2011, the day of the incident, with all numbers redacted except for the time he called for medical assistance. (Id. at ¶ 7.) Defendants note that because Mr. King has a pending criminal case, the records should not be released to him, or anyone with pending criminal charges or a past drug conviction. (Id. at ¶ 8.) Defendants assert that these records will be produced only under an

agreed protective order and that if Plaintiffs persist in their request for the phone records from July 28, 2011, through August 1, 2011, they request that the Court review the records *in camera* for relevancy before they are produced. (Id. at ¶ 9.)

Plaintiffs assert in reply that the scope of their request for information from July 28, 2011, through August 1, 2011, is appropriate. (Document No. 81 at ¶ 3.) First, Plaintiffs assert that their request for five days of information is not overly broad and is similar in length of time to Defendants' request for cell phone records from July 25, 2011, through July 29, 2011. (Document No. 81 at ¶ 3.) Secondly, Plaintiffs assert that Det. Epling's investigation continued through July 29, 2011, when he traveled back to the site to collect evidence, complete his incident report, and caused warrants to be issued for Mr. Parrish and Mr. King. (Id.) Accordingly, Plaintiffs assert that the scope of their requests is appropriate. (Id.)

Plaintiffs further assert that Defendants' belated agreement to provide the discovery "after their vexatious litigation conduct necessitating Plaintiffs' Motion does not relieve them of their obligation to pay Plaintiffs' costs and attorney fees associated with the bringing [of] the Motion." (Id. at ¶ 4.) Plaintiffs assert that they repeatedly attempted to resolve this matter without court action and that Defendants have offered no substantial justification for their refusal. (Id. at ¶¶ 6-7.) Accordingly, Plaintiffs assert that they are entitled to costs and fees associated with filing the Motion to Compel. (Id.)

## Analysis

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to answer an Interrogatory or Request for Production, the discovering party may move for an Order compelling the answer or production. See Fed. R. Civ. P. 37(a)(3)(B). Additionally, the Rule requires a certification "that the movant has in good faith conferred or attempted to confer with the person or

party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

> Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Discovery is generally limited therefore to nonprivileged information which is relevant to any claim or defense of any party. Fed.R.Civ.P. 26(b)(1). To be relevant, the discovery sought must be "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 388, 91 L.Ed. 451 (1947)). Moreover, "the discovery rules are given 'a broad and liberal treatment.'" National Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc., 967 F.2d 980, 983 (4th Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. at 507, 67 S.Ct. at 392). Given this broad and liberal treatment of the federal discovery rules, the party resisting discovery bears the burden "to clarify and explain precisely why its objections are proper." United Oil Co., Inc. v. Parts Assoc., Inc., 227 F.R.D. 404, 411 (D.Md. Mar. 4, 2005).

Defendants argue that there is no reason to turn over cell phone records beginning the day after the incident took place, July 28, 2011, through August 1, 2011, as these dates having nothing to do with the subject of this litigation and will not lead to the discovery of admissible evidence. (Document No. 78 at ¶ 5.) Defendants further argue that because Plaintiffs have withdrawn their claim of failure to call for medical assistance after Mr. Parrish injured himself, Sgt. Dunn's cell

phone records are irrelevant. (Id. at ¶ 7.) Plaintiffs argue that the dates encompass the conclusion of the Defendants' investigation following the date of the incident, and therefore, are relevant. (Document No. 81 at ¶ 3.) The Court finds that Interrogatory Number 3 and Request for Production Number 13 request information that is relevant to the development of Plaintiffs' claims. Defendants fail to explain how this evidence would be irrelevant, simply asserting that it is. The incident occurred on July 27, 2011, and the investigation continued at least through July 29, 2011. Though Plaintiffs may have retracted their claims of negligence in failing to call for medical help, Sgt. Dunn's cell phone records may still be relevant as he responded with Det. Epling to Matthew Epling's call for assistance at Auto Detailing by Me, and possibly continued to assist with the investigation. Accordingly, the Court finds Plaintiffs' requests cover a short period of time and are not burdensome, and are relevant to Plaintiffs' claims.

Defendants further assert that the information is confidential. However, the Court notes that even trade secrets are discoverable with an appropriate protective order in place. See MDK, Inc. v. Mike's Train House, Inc., 27 F.3d 116, 120 (4th Cir. 1994); see also Federal Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill, 443 U.S. 340, 362, 99 S.Ct. 2800, 2813, 61 L.Ed.2d 587 (1979) (no absolute privilege protecting trade secrets from discovery). In the instant case, Plaintiffs are amenable to redaction or an appropriate protective order. The Court finds that a combination of the two means provides the appropriate resolution in this matter. Accordingly, it is hereby **ORDERED** that Plaintiffs' Motion (Document No. 68.) is **GRANTED**; Defendants shall file **UNDER SEAL**, on or before **Wednesday, November 13, 2013**, the personal and departmental cell phone records for Det. Gary Epling and Sgt. John Dunn from July 27, 2011, through August 1, 2011. The Defendants also shall file **UNDER SEAL** the personal and departmental cell phone numbers for Detective Gary Epling and Sgt. John Dunn. As the Court is unaware what records Plaintiffs are

seeking to discover, it is further **ORDERED** that Plaintiffs shall file **UNDER SEAL**, on or before **Wednesday, November 13, 2013**, a list of names and phone numbers they seek to discover. The Court then will conduct an *in camera* review of the sealed information to determine its relevancy. The parties shall file a proposed Agreed Protective Order on or before **Friday, November 15, 2013**. The Court will conduct a **telephonic hearing** with the parties to discuss the Court's *in camera* review of the sealed information on **Tuesday, November 19, 2013, at 10:30 a.m.** The parties shall join the hearing by calling the Court's conference line at **(304) 414-3029**.

Plaintiffs have requested sanctions under Rule 37. Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, provides as follows:

> If the motion [to compel] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay to the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (Emphasis added).

Having granted the Motion to Compel, the Court **ORDERS** Defendants, should they wish to be heard regarding sanctions, to file with the Court **within 10 business days** of the entry of this Order a Memorandum explaining why their nondisclosure was substantially justified or why an award of attorney's fees would be unjust. The Court further **ORDERS** Plaintiffs to file an itemized statement of the costs and fees associated with this Motion **within 10 business days** of the entry of this Order. The Court will regard the failure of counsel to file their respective documents by the prescribed date their forbearance and/or assent as the case may be.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above on this non-dispositive motion may be contested by filing, within 14 days, objections to this Order with District Judge Irene C. Berger. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is requested to send copies of this Order to counsel of record.

ENTER: November 7, 2013.

R. Clarke VanDervort
United States Magistrate Judge